Filed 4/12/22  P. v. Rhodes CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C094177 |
| Plaintiff and Respondent, | (Super. Ct. No. 11F04725) |
| v. | |
| DONALD RHODES, | |
| Defendant and Appellant. | |

Defendant Donald Rhodes appeals the trial court's denial of the California Department of Corrections and Rehabilitation's (the Department) recommendation under former Penal Code[1] section 1170, subdivision (d)(1) (former section 1170(d)(1)) that the trial court consider recalling defendant's sentence and resentencing him.  His appointed counsel found no arguable issues and filed a brief under *People v. Wende* (1979) 25 Cal.3d 436 asking this court to independently review the record to determine whether there were any arguable issues on appeal.  Although properly advised of his right to file a supplemental brief, defendant did not file one.

While defendant's appeal was pending, and after defense counsel filed the *Wende* brief, Assembly Bill No. 1540 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 719) came into

---

[1]  Undesignated section references are to the Penal Code.

1

effect on January 1, 2022, and moved the recall and resentencing provisions of former section 1170(d)(1) to new section 1170.03. Assembly Bill No. 1540 also clarified the Legislature's intent regarding procedural requirements and the provision's application to "ameliorative laws . . . that reduce sentences or provide for judicial discretion, regardless of the date of the offense of conviction." (Stats. 2021, ch. 719, § 1(i).) In addition, where requests for recall and resentencing are made, Assembly Bill No. 1540 added a presumption in favor of recall and resentencing. (§ 1170.03, subd. (b)(2).) We requested supplemental briefing on the effect of the new legislation on this appeal.

Defendant argues that Assembly Bill No. 1540 applies retroactively to his case pursuant to *In re Estrada* (1965) 63 Cal.2d 740. The People argue Assembly Bill No. 1540 is not retroactive. The People acknowledge, however, that in the interest of judicial economy, we may reverse the trial court's order and remand for new proceedings under section 1170.03. We conclude that Assembly Bill No. 1540 applies to defendant's case because it is a clarification of former section 1170(d)(1), and we will therefore reverse and remand.

FACTUAL AND PROCEDURAL BACKGROUND

Defendant pled no contest to mayhem and admitted he had a prior serious felony and a prior strike. In October 2013, the trial court sentenced him to state prison for an aggregate term of 21 years. The trial court also imposed various fines and fees.

In December 2019, the Department referred defendant's case to the trial court for resentencing consideration per former section 1170(d)(1). The trial court held a hearing in May 2021 and declined to recall defendant's sentence and resentence him.

Defendant filed a timely appeal.

DISCUSSION

We "cannot disregard" the Legislature's subsequent expressions of its intent regarding a prior statute. (*Western Security Bank v. Superior Court* (1997) 15 Cal.4th 232, 244.) If an amendment " ' "which in effect construes and clarifies a prior statute" ' " was

2

adopted soon after controversies arose about the proper interpretation of the statute, " ' "it is logical to regard the amendment as a legislative interpretation of the original act -- a formal change -- rebutting the presumption of substantial change." ' " (*Id.* at p. 243.) When a case involving such a clarifying amendment is on appeal, the appropriate resolution is to reverse and remand the matter for further proceedings in compliance with the amended legislation. (*Id.* at pp. 252-253.)

Under former section 1170(d)(1), a trial court may, at any time upon the recommendation of the Secretary of the Department, "recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if they had not previously been sentenced, provided the new sentence, if any, is no greater than the initial sentence." This same language is contained in section 1170.03, which is where Assembly Bill No. 1540 moved the recall and resentencing provisions of former section 1170(d)(1). (§ 1170.03, subd. (a)(1).)

Former section 1170(d)(1) (and now section 1170.03) authorizes the Secretary of the Department to recommend to the superior court that the court recall a previously imposed sentence and resentence the defendant. (See *People v. Loper* (2015) 60 Cal.4th 1155, 1165, citing *Dix v. Superior Court* (1991) 53 Cal.3d 442, 460.) The Department's recommendation furnishes the court with jurisdiction it would not otherwise have to recall and resentence and is "an invitation to the court to exercise its equitable jurisdiction." (*People v. Frazier* (2020) 55 Cal.App.5th 858, 866.)

In addition to moving the recall and resentencing provisions of former section 1170(d)(1) to section 1170.03, Assembly Bill No. 1540 also clarifies the required procedures including that, when recalling and resentencing, the court "shall . . . apply any changes in law that reduce sentences or provide for judicial discretion." (§ 1170.03, subd. (a)(2).) Where, as here, the Department recommends recall and resentencing, the court is also now required to hold a hearing (unless the parties otherwise stipulate), state on the record its reasons for its decision, provide notice to the defendant, and appoint counsel

3

for the defendant.  (§ 1170.03, subds. (a)(6)-(8), (b)(1).)  Also, where a resentencing request is made, there is now a presumption in favor of recall and resentencing of the defendant, "which may only be overcome if a court finds the defendant is an unreasonable risk of danger to public safety."  (§ 1170.03, subd. (b)(2).)

As we recently explained in *People v. McMurray* (2022) __ Cal.App.5th __ [2022 Cal. App. LEXIS 265], our review of the legislative history reveals that the Legislature "repeatedly indicated that Assembly Bill No. 1540 was intended to 'make clarifying changes' to former section 1170(d)(1), including specifying the required procedure and guidelines when the [Department] recommends recall and resentencing."  Given that the changes promptly addressed appellate decisions from 2020 that interpreted former section 1170(d)(1), the "appropriate remedy is to reverse and remand the matter, so that the trial court can consider the [Department]'s recommendation to recall and resentence defendant under the new and clarified procedure and guidelines of section 1170.03."  Just as in *McMurray*, we need not address whether we must also reverse and remand pursuant to *In re Estrada*.

DISPOSITION

The order declining to recall and resentence defendant is reversed, and the matter is remanded for further proceedings consistent with this opinion.

/s/
Robie, Acting P. J.

We concur:

/s/
Mauro, J.

/s/                                        ,
Duarte, J.

4